FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael Chachere | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | |
| | ) | *(jury demand)* |
| City of Chicago, Chicago Police | ) | |
| Officer Danielle Deering, #13716, | ) | |
| and Chicago Police Officer Cory | ) | |
| Junious, #18350, | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1.      This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343 and 1367.

2.      At all times relevant, plaintiff Michael Chachere was a resident of the Northern District of Illinois.

3.      Defendant City of Chicago is an Illinois municipal corporation.

4.      Defendants Chicago Police Officer Danielle Deering, #13716, and Chicago Police Office Cory Junious, #18350, were at all times relevant acting under color of their office as Chicago police officers.

**I. Claims Related to Arrest and Prosecution**

5.      On October 14, 2014, defendants Deering and Junious entered plaintiff's dwelling in the 7600 block of South Perry Avenue.

6.      Defendants Deering and Junious did not have a warrant or other lawful basis to enter plaintiff's dwelling.

7.      After entering plaintiff's dwelling, Defendants Deering and Junious conducted a search.

8.      Defendants Deering and Junious claim to have found firearms during the above described search.

9.      Thereafter, defendants Deering and Junious arrested plaintiff and caused him to be charged with the unlawful possession of firearms.

10.     At the time they arrested plaintiff, neither defendant Deering nor defendant Junious had observed plaintiff in actual or constructive possession of any firearms and neither could have reasonably believed that plaintiff had been in actual or constructive possession of any firearms.

11.     After arresting plaintiff, defendants Deering and Junious fabricated evidence, thereby causing plaintiff to be held in custody and prosecuted for an offense. These acts include the creation of police reports containing material false statements, including:

      a. That plaintiff had admitted to ownership of the weapons found in the illegal search; and

  b.  That a real estate agent had told defendants Deering and

    Junious that there may be weapons inside the dwelling.

12.    As a result of the conduct of Deering and Junious, plaintiff
was deprived of his liberty and held in custody at the Cook County Jail
until late February of 2015 when he was released on a recognizance bond.

13.    Thereafter, within one year of the filing of this lawsuit, all
charges against plaintiff were dismissed.

14.    As a result of the foregoing, plaintiff was deprived of rights
secured by the Fourth and Fourteenth Amendments and subjected to a
malicious prosecution under Illinois law.

## II. Claims Related to Plaintiffs Property

15.    At the time of his above-described arrest, plaintiff was in
possession of a wallet, which contained government issued identification, a
cellular phone, and a necklace.

16.    At the time of plaintiff's above described arrest, Illinois law,
as set out in 20 Illinois Administrative Code 720.25(h), required that all
personal property taken from an arrestee, other than items seized as
evidence of a crime, shall be returned to the detainee upon his (or her)
release from the custody of the arresting agency.

17.    At some time before plaintiff's above-described arrest,
defendant City of Chicago adopted an express policy to disregard the

provisions of 20 Illinois Administrative Code 720.25(h) and to retain in the property inventory system of the Chicago Police Department certain categories of an arrestee's personal property after releasing the arrestee to the custody of the Sheriff of Cook County.

18.     The categories of an arrestee's personal property retained by defendant City of Chicago include wallets, cellular phones, and necklaces.

19.     The above-described express policy directed Chicago police personnel to destroy all arrestee personal property that was not claimed within 30 days of arrest.

20.     After adopting the above-described policy and before plaintiff's arrest, defendant City of Chicago learned that it was destroying a large amount of arrestee personal property because many arrestees held in custody at the Cook County Jail were unable to arrange for their property to be retrieved from the Chicago police department.

21.      In accordance with the above-described express policy of defendant City of Chicago, defendants Deering and Junious took custody of plaintiff's wallet, cellular phone, and necklace and caused them to be stored in the Chicago Police Department property inventory system.

22.     Chicago police personnel transferred plaintiff to the custody of the Sheriff of Cook County the day after his arrest.

23.     Plaintiff was unable to leave the Jail to retrieve his personal property from the Chicago police department and was unable to engage a third person to travel to the Chicago police department to retrieve his property.

24.     As required by the above-described express policy, defendant City of Chicago destroyed plaintiff's wallet, cellular phone, and necklace.

25.     As a result of the foregoing, plaintiff was deprived of rights secured by the Constitution of the United States.

26.     Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against all defendants and appropriate punitive damages be awarded against defendants Deering and Junious.

/s/  Joel A. Flaxman
        JOEL A. FLAXMAN
        ARDC NO. 6292818
        KENNETH N. FLAXMAN
        200 S Michigan Ave Ste 201
        Chicago, IL 60604-2430
        (312) 427-3200
        *Attorneys for Plaintiff*